[No 1347. Decided January 3, 1895.]

GLOBE MILL COMPANY, *Appellant*, *v.* THE BELLINGHAM
BAY IMPROVEMENT COMPANY, *Appellant*.

TIDE LANDS—RIGHT TO PURCHASE—IMPROVEMENTS—CONSTRUC-
TION OF STATUTE.

Only such tide land as was actually improved for purposes of busi-
ness and commerce at the time of the passage of the act of March
26, 1890, is subject to the pre-emptive right of purchase given by that
act, and it is erroneous to allow an improver to purchase whatever
tide lands he may show to be necessary or convenient for his busi-
ness at the time of the hearing of his application for purchase.

The tide land law allowing improvers of such lands a preference
right of purchase is a concession by the state, which must be strictly
construed, and the courts cannot extend the limits of such a grant be-
yond the lands actually improved.

The fact that a row of piles has been driven in tide lands from a
mill to deep water, to be used for the purpose of tying up and secur-
ing booms of logs, does not constitute such an improvement as to
give a preference right of purchase under the act of March 26, 1890.

The fact that certain tide lands afford a passage way over which
logs can be floated from deep water to a saw mill, and thus are con-
venient to the operation of the mill, affords no right of purchase,
especially in view of the fact that, under Const. Art. 15, § 3, an ad-
joining municipal corporation has authority to extend its streets over
such lands and cut them off from all connection with the mill.

*Appeal from Superior Court, Whatcom County.*

*Dorr, Hadley & Hadley*, for appellant, Bellingham Bay
Improvement Company.

*Bruce, Brown & Cleveland* and *Black & Leaming*, for
appellant, Globe Mill Company.

The opinion of the court was delivered by

STILES, J.—In the year 1889 the Globe Mill Company
constructed a saw mill upon tide lands in front of the city of
New Whatcom. When the surveys made by the tide land
appraisers were completed, and the streets extended by the

city were noted on the plat, it was found that the mill was located upon block 200, its actual situation being on the south side of the block. This block, and each of the other blocks upon the plat, covered an area of 270 by 440 feet. The streets were each 80 feet wide. The mill occupied a space of about 50 by 280 feet, a portion of it extending into Myrtle street. The engine house was 50 by 50 feet. Upon the filing of the tide land plats the Bellingham Bay Improvement Company, which was the owner of the upland fronting upon all that part of the tide lands southerly of the Whatcom Creek waterway, applied to purchase all the blocks surrounding block 200, and all of block 200 except a southerly quarter thereof, the purchase right for which is admitted to be in the Globe Mill Company. The Globe Mill Company filed its application for all of blocks 185 to 190 inclusive, and 199 to 204 inclusive. A contest resulted and the State Board of Equalization and Appeal found in favor of the Globe Mill Company for blocks 200 to 204 inclusive, and the remainder of the blocks applied for by the Globe Mill Company it awarded to the Bellingham Bay Improvement Company. The latter company appealed to the superior court, where the cause was tried and the result was an affirmance of the decision of the state board. The Bellingham Bay Improvement Company now appeals to this court from that part of the decision which awards to the Globe Mill Company blocks 201-2-3 and 4, but concedes that the Globe Mill Company shall be allowed to purchase the whole of block 200. The Globe Mill Company also appeals from so much of the decision as refuses to award to it all block 199. It disclaims any further right to blocks 185 to 190 inclusive.

It is conceded by the Globe Mill Company that its only claim to blocks 199 to 204 inclusive, constituting a range of blocks between Canoe and Bay streets on the north and south, Maple street on the east, and the harbor area on the west, is that on March 26, 1890, when the tide land law went into effect, it had improvements on these lands within the meaning of that law, consisting of its mill and certain piles driven at intervals, to which it was accustomed to tie up

its floating logs as they lay gathered together in booms.  The court below made two findings of fact upon which it based its award of blocks 201 to 204 inclusive, which lie between the westerly end of block 200 where the saw mill is located and the inner harbor line:

"12.  That at the time of beginning the construction, and as a part of its plant, said Globe Mill Company drove a row of piles in and along Bay street from a point adjacent to said block No. 200 extending out to and within what is now the harbor reservation; that from said piles there was hung sheer booms and boom sticks to which booms of logs shipped to said Globe Company are tied, and boom sticks have been strung along said piles, and said piles and boom sticks are used for staying and holding logs shipped to said mill for the purpose of being manufactured and sawed into lumber; and subsequent to the 26th day of March, 1890, and as a continuation of its original plan and construction, said mill improved and enclosed the space between Canoe and Bay streets as a booming ground, and set in water breaks and no other or further improvements were ever placed upon said tide lands or any part or portion thereof by the said Globe Mill Company, and no part of said tide lands were otherwise improved by it than as heretofore set out, and such booming grounds are needful and necessary to the successful operation of said mill and business conducted by the Globe Mill Company, and all such lands have upon them valuable improvements in actual use for the purpose of business, trade and commerce.

"13.  That all of the tide lands embraced within said blocks No. 200, 201, 202, 203, 204, are necessary and requisite for the convenient use and successful operation of the business of said Globe Mill Company."

It will be noticed that these findings are all in the present tense, and that the court does not find precisely what improvements existed on the ground on the 26th day of March, 1890; but in this case that fact is not very material, inasmuch as substantially nothing has been added to the improvements existing at that date.

The theory of the court seems to have been that the intention of the tide land law was to permit improvers of the tide lands to buy whatever lands might be shown to be necessary or convenient for the transaction of the business con-

ducted by the improver at the time of the hearing; and counsel for the Globe Mill Company seeks a construction of the statute from a standpoint which would permit an improver to be the judge of whatever might become convenient to him in the future conduct of his business, and apply to purchase accordingly. But to our minds the law will not bear such an interpretation. It is the land improved at the time the act was passed that is subject to this pre-emptive right of purchase and none other. It may be conceded that, in connection with this mill, the legislature intended that there should be allotted a sufficient space for the convenient operation of the mill; but the concession is here made that it is entitled to have the whole of block No. 200, which contains fully six times the area occupied by the mill buildings at the time of the passage of the act; and notwithstanding the character of the business conducted there, and the necessity for a lumber yard and log storage place, we think any enlargement of this area would be a trespass upon the limits fixed by the law.

This portion of the tide land act was not adopted upon the principle of the homestead and pre-emption laws of the United States government, but it was passed in consideration of the fact that large sums of money had been expended by persons who in good faith expected in some way to be permitted to continue their occupation of the lands to which they had no title, and to save them from what would otherwise be a confiscation of all their improvements, or the destruction of them, which would amount to the same thing. Such acts, while they are to be construed reasonably, are not within the category of laws which require what is termed a "liberal" construction. It is a concession by the state which is to be construed strictly, and there is no greater reason for the courts extending the limits of such a grant beyond the lands actually improved than there would be in their allowing equitable considerations to extend the time beyond which applications for purchase must be filed in order to prevent the public generally from obtaining preferences.

The sole claim which the Globe Mill Company had to

any actual improvement outside of its mill buildings and lumber yard, on the 26th day of March, 1890, was that it had driven a row of piles, some fifteen in number, extending from its mill westward to deep water. These piles were about 50 feet apart and the distance covered was over 1,500 feet. Piles alone we could not hold to be in themselves an improvement under the tide land act, nor is the claim here made upon the piles themselves, but upon the fact that they were driven as a convenience for the mill, and were used from time to time to tie up and secure booms of logs.

A kindred claim is, however, that the area applied for was necessary for the storage of logs while awaiting the saw; but if open water to such an extent about a saw mill were to be considered as necessarily improved lands, by reason of the existence of the mill, then the right of the improver to purchase would be a floating right which he might locate anywhere on any of the waters surrounding the mill. There was no possession of this area, and navigation over it was free at all times when logs were not actually lying within it.

Still another ground insisted upon is that these blocks 201 to 204 will furnish a passage way over which logs can be floated from deep water to the mill; and here, it seems to us, is one of the strongest arguments against the whole contention of this applicant. The Constitution, Article 15, § 3, confers upon municipal corporations the absolute right to extend their streets over tide lands intervening between the upland and the harbor area. In the case of New Whatcom, streets have been extended all over the lands in controversy. Three of them lie between block 200 and the inner harbor line. These streets the city has a right to improve by making them solid land if it sees fit, and it would be under no obligation whatever to leave any water way open for the passage of logs. Whatever may have been the intention of the legislature, therefore, in conferring upon tide land improvers a pre-emptive right of purchase, it could not interfere with this constitutional right of the municipal corporation, to cut off the possibility of the Globe Mill Company's using any of the lands in blocks 201, 202

and 203, for the purpose of floating or storing logs.   When these streets shall be improved the blocks mentioned would become simply isolated areas for which the mill company would, according to its present business arrangements, have no further use.   Should Myrtle street alone be improved from the upland to Whatcom creek waterway, there would be an end of log transportation to the mill by water.   The fact is that the legislature, in proposing to dispose of the inner tide lands, under the provisions of the constitution in regard to harbor areas, acted on the supposition that all these tide lands are in course of time to be converted into solid lands.   It disposes of them as land and as land only ; and as, under the general rule of law, one tract of land cannot be an appurtenance of another tract, there is every reason why applications of this kind should be limited to the language of the act reasonably interpreted.

In our judgment, the rights of the Globe Mill Company as an improver must be further restricted to the block 200, upon which its actual improvements stood when the law went into effect.

Block 199 stands in no different position from that of the other excluded blocks, inasmuch as the only claim the mill company has to it is that it had set some piles on two sides of it, and it being behind the mill it was a convenient place for the storage of logs.

In considering this case, we make no account of the motives which may actuate the upland owner in opposing the improver's claim, because the statute makes none in conferring upon him the right to purchase, except where improvements existing at the date of the act make an exception.

The judgment will be reversed and the cause remanded for the entry of a new decree in accordance with this opinion.

DUNBAR, C. J., and HOYT, J., concur.